UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEITH ADAIR DAVIS,

                Plaintiff,

   v.

WILLIAM HAYES, et al.,

                Defendants.

No. C16-1709 RSM-BAT

**REPORT AND RECOMMENDATION**

     Plaintiff Keith Adair Davis is presently confined at the King County Jail.  On November 3, 2016, plaintiff filed a civil rights complaint.  Dkt. 6.  The Court declined to serve the complaint because it is deficient.  Instead, the Court ordered plaintiff to show cause, by the filing of an amended complaint, why his complaint should not be dismissed for failure to state a claim under 42 U.S.C. § 1983.  Dkt. 7.  Thus, there is no viable complaint in this matter and no defendants have been served.

     On December 12, 2016, plaintiff filed a "Motion for Order to Show Cause."  Dkt. 11.  In this motion, plaintiff asks the Court to order 47 employees of the King County Jail "and their successors in office, agents, and employees" from, *inter alia*, "knowing of and discarding serious medical needs, chronic pain management relief, ADA-acccessible housing;" "discrimination because of religion;" and, "targeting, harassing, retaliating intimidating, hazing, labeling …".  Dkt. 11-2, at 2.

REPORT AND RECOMMENDATION - 1

Defendants have not been served with this motion.  The undersigned recommends that the motion be denied.

## DISCUSSION

Federal Rule of Civil Procedure 65(b)(1) of the Federal Rules of Civil Procedure permits a court to issue a temporary restraining order, without notice to the adverse party, only if "specific facts in an affidavit or verified complaint clearly showed that immediate and irreparable rural injury, loss, or damage will result to the movant before the adverse party may be heard in opposition."  Plaintiff fails to meet this standard[1].  Accordingly, this Court recommends that plaintiff's motion (Dkt. 11) be **denied**.  A proposed order accompanies this Report and Recommendation.

Any objections to this Recommendation must be filed no later than **January 3, 2017**. The Clerk should note the matter for **January 6, 2017** as ready for the Court's consideration. Objections shall not exceed five (5) pages.  The failure to timely object may affect the right to appeal.

DATED this 14th day of December, 2016.

BRIAN A. TSUCHIDA
United States Magistrate Judge

---

[1] Plaintiff may file a motion for temporary restraining order after the Court has determined that he has filed a viable § 1983 complaint and defendants are served with the complaint. However, plaintiff should keep in mind that issues raised in any such motion must be related to the issues raised in his complaint and he must establish the following: (1) a likelihood of success on the merits, (2) a likelihood of irreparable injury to the plaintiff if injunctive relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest.  *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 129 S.Ct. 365, 376, 172 L.Ed.2d 249 (2008) (quoting *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542 (1987)).

REPORT AND RECOMMENDATION - 2