UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEITH ADAIR DAVIS,

            Plaintiff,

   v.

WILLIAM HAYES, et al.,

            Defendants.

Case No. C16-1709 RSM-BAT

**SECOND REPORT AND RECOMMENDATION**

Keith Adair Davis, who is currently confined at the King County Jail, Department of Adult and Juvenile Detention ("KCJ-DAJD"), filed a 60 page complaint (with 664 pages of exhibits) against 47 employees of the KCJ-DAJD. The Court declined to serve the complaint because it contains fatal deficiencies that, if not addressed, might lead to a recommendation of dismissal of the entire action for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b)(1). However, because plaintiff is proceeding *pro se*, he was granted leave to file an amended complaint or to show cause why his complaint should not be dismissed by December 16, 2016. Dkt. 7.

On December 8, 2016, plaintiff filed a motion to extend his deadline to file an amended complaint until January 31, 2017. Dkt. 9. That motion was granted. Dkt. 10. On December 12, 2016, plaintiff filed a motion for order to show cause (Dkt. 11), which was denied (Dkt. 17). And, on December 16, 2016, plaintiff filed a "motion for reconsideration" (Dkt. 15) and a motion requesting copies of exhibits for use in amending his complaint (Dkt. 16). The Court provided plaintiff with the requested exhibits and treated his motion for reconsideration as a

SECOND REPORT AND RECOMMENDATION - 1

response to the Court's order as it appeared plaintiff intended to file an amended complaint within the extended time limit.

On February 7, 2017, the undersigned submitted a Report and Recommendation ("R&R"), recommending that this action be dismissed without prejudice for failure to state a claim and that the dismissal be counted as a strike under 28 U.S.C. § 1915(g). Dkt. 19 (R&R). Sixteen days later, while the R&R was pending, plaintiff filed a motion to file an amended complaint, which consists of his amended complaint (Dkt. 20), and objections to the R&R (Dkt. 21). Plaintiff's motion to file an amended complaint has been re-referred to the undersigned for a determination.

The undersigned recommends that the motion to amend (Dkt. 20 – the "Amended Complaint") be denied except as to plaintiff's claims that Defendants Gorman, McKindrey, Bliss, and Elerick used excessive force against plaintiff on August 2014, September 2014, and August, 2016. It is recommended that the amended complaint be served on these defendants only and that these defendants be directed to answer the excessive force claims only.

**DISCUSSION**

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)).

Plaintiff's original complaint consisted of 60 pages with 664 exhibits and named 47 individuals. Plaintiff's proposed amended complaint is 34 pages with 9 exhibits and again names 47 individual plaintiffs. Although the complaint is now shorter, plaintiff's allegations remain confusing and in many instances, fails to allege facts from which it may be inferred that

SECOND REPORT AND RECOMMENDATION - 2

any of the named defendants violated his constitutional rights.  Plaintiff was advised that the Court cannot reasonably discharge its screening responsibility under § 1915A until plaintiff complies with the pleading requirements set forth in Rule 8.  In this regard, plaintiff was directed to list his factual allegations according to the claims that he is asserting rather than lumping all of his factual allegations together in simple chronological order regardless of their relation to a particular claim.  He has ignored this instruction.

In addition, to avoid dismissal for failure to state a claim, plaintiff was advised that he must include more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 555-557.  A claim upon which the court can grant relief has facial plausibility; in other words, a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949.

Plaintiff was advised that in order to state a claim under 42 U.S.C. § 1983, a complaint must establish "the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  Section 1983 does not provide a cause of action for violations of state law.  *See Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001).  In the amended complaint, plaintiff was directed to write out short, plain statements telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what that person did or failed to do; (4) how the action or inaction of that person is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of that person's conduct. See *Rizzo v. Goode*, 423 U.S. 362, 371–72 (1976).

The Court reviews each paragraph containing plaintiff's allegations to determine if he has stated a plausible claim:

Paragraphs 53 and 54 – In these paragraphs, plaintiff explains that he suffers from multiple sclerosis. He alleges that on January 15, 2016 Defendant Sanders performed an intake assessment, but Defendant Sanders lacks knowledge of plaintiff's disease (multiple sclerosis), would not prescribe on-going medications, and changed plaintiff's "anti-progression" medication. These allegations state only that plaintiff disagrees with Defendant Sanders' refusal to give him certain medications. Plaintiff was previously advised of the standards relating to an Eighth Amendment denial of medical care. Plaintiff has failed to allege facts sufficient to determine whether Defendant Sanders was deliberately indifferent to plaintiff's serious medical needs. The allegations should, therefore, be dismissed.

Paragraph 56 – In this paragraph, plaintiff alleges that KCCF has no wheelchair accessible housing and refuses to make necessary adjustments "per the DOJ." Plaintiff was previously advised that Title II of the Americans with Disabilities Act (ADA), provides in relevant part:

> . . . [N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132. To prove a violation of Title II of the ADA, a plaintiff must show:

> (1) [H]e is a "qualified individual with a disability"; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability.

*Duvall v. County of Kitsap,* 260 F.3d 1124, 1135 (9th Cir. 2001), citing *Weinreich v. Los Angeles County Metropolitan Transp. Auth.,* 114 F.3d 976, 978 (9th Cir. 1997).

SECOND REPORT AND RECOMMENDATION - 4

Plaintiff alleges that KCCF does not have accessible cells, he is being refused accessible housing, the wheelchair accessible shower lacks adequate water temperature, and he may shower only three times per week. However, to allege an ADA cause of action, plaintiff was advised that he must allege facts showing that he is a "qualified individual with a disability," that he was denied the benefits of the KCJ-DAJD or otherwise discriminated against, and that the discrimination was by reason of his disability.

Plaintiff was given ample opportunity to include factual allegations relating to his ADA claim in an amended complaint but he has failed to do so and this claim should be dismissed.

Paragraph 57 – In this paragraph, plaintiff claims that defendants Putnam, Nguyen, Paget, Jellen, and Frazier have all engaged in a "campaign of harassment" by limiting his showers to thirty minutes, three times a week. However, because of his disabilities, plaintiff claims it takes him longer to shower and he should not be infracted for taking too long in the shower. Plaintiff alleges specifically that Defendant Nguyen rushed him on one occasion and as a result, plaintiff slipped and injured his arm. He also alleges that Defendant Williamson threatened to beat his "crippled ass." However, plaintiff also acknowledges that he is now being given an hour to shower. Plaintiff fails to allege how any of these defendants have violated his constitutional rights. To the extent he is claiming that he is being discriminated against because of his disability or disabilities, this claim was covered in the previous paragraph.

Paragraph 58 – In this paragraph, plaintiff states he filed grievances and filed an OCR complaint. Defendant Vierra responded to the complaints and Defendant K. Williams responded to the appeal. Plaintiff fails to allege how Defendants Vierra or Williams violated his constitutional rights. The remainder of this paragraph is also confusing, contains no factual allegations against any named defendant, consists entirely of conclusory statements, and fails to

SECOND REPORT AND RECOMMENDATION - 5

state a claim against any named defendant.

<u>Paragraph 59</u> – In this paragraph, plaintiff alleges that April 20, 2016 Bacon and Wheeler returned several of plaintiff's grievances unanswered and "threw" them in his face. Wheeler told him not to write any more grievances and to "man up." On September 8, 2016, Bacon returned with several more grievances, told plaintiff that they were being thrown in the trash, and verbally harassed him. Plaintiff has failed to provide sufficient facts to allow the Court to determine whether he has stated a constitutional violation as to these defendants relating to the "several" unidentified grievances returned unanswered.

<u>Paragraph 60</u> – In this paragraph, plaintiff describes three incidents of the use of excessive force by prison guards: (1) on August 2014 by Defendant Gorman; (2) on September 2014 by McKindrey and Bliss; and (3) on August 2, 2016 by Defendant Elerick. The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (citations omitted). For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam) (citing *Hudson*, 503 U.S. at 7) (internal quotation marks omitted); *Furnace v. Sullivan*, 705 F.3d 1021, 1028 (9th Cir.2013).

Plaintiff has stated sufficient factual allegations to proceed with the claims stated in Paragraph 60.

<u>Paragraph 61</u> – In this paragraph, plaintiff states that defendants McCain, K. Murano, R. Trajano, Silva, Hayes, Tamura, Karlsson, Clark, Wheeler, Bott, Bacon, and Taylor, collectively, have placed him in harm's way by classifying him as a prisoner who assaults staff. Plaintiff makes only one specific reference to a March 26, 2016 hearing when defendant McCain

SECOND REPORT AND RECOMMENDATION - 6

allegedly refused to obtain witness statements.  The remainder of this paragraph contains conclusory and confusing allegations against the defendants collectively and should be dismissed.  Plaintiff has failed to state a claim of constitutional violation against any of the named defendants.  Plaintiff was also previously advised that as to any claim that he was denied due process in the handling of any infraction, he must allege facts from which it can be inferred that he was found guilty and/or punished as a result of any infraction.

Under the Due Process Clause, "a detainee may not be punished prior to an adjudication of guilt."  *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).  However, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment."  *Bell*, 441 U.S. at 539; *Valdez v. Rosenbaum*, 302 F.3d 1039, 1045 (9th Cir.2002) (pretrial detainees have due process right against restrictions that amount to punishment) (citing *United States v. Salerno*, 481 U.S. 739, 746, (1987)).

Plaintiff was given ample opportunity to include factual allegations relating to his due process claim in an amended complaint but he has failed to do so and this claim should be dismissed.

Paragraph 62 – In this paragraph, plaintiff states that defendants Hayes, Tamura, Karlsson, Clark, Taylor, Bacon, Wheeler, Bliss, Rufanan, Pine, Thompson, Sanders, Womack, Jellen, Frary, and R. Behahm, collectively, are deliberately ignoring a "defective" grievance process in which grievances are not timely responded to and defendants are failing to follow their own policies.  These allegations are vague and conclusory.  Plaintiff has not provided sufficient facts from which it may be determined that any named defendant has violated his constitutional rights with regard to the handling of any grievance.

SECOND REPORT AND RECOMMENDATION - 7

Paragraph 63 – In this paragraph, plaintiff alleges that various defendants have engaged in an "escalating campaign of harassment" against him. He includes numerous allegations against numerous individuals for conduct occurring over an entire year, including "fabricating rule violations", "refusing to investigate a complaint", "ransacking his cell", denying him access to a legal work station; threatening to "beat him to death;" refusing him a urinal; placing him in a non-handicap holding cell. Plaintiff was previously advised that instead of lumping all of his allegations together in such a fashion, he must allege what, when, who, and how his constitutional rights were violated. Throughout his complaint, plaintiff alleges that he is being "targeted" for filing grievances and that he is being verbally harassed by various individuals. Plaintiff was previously advised that, to properly state a claim of retaliation, plaintiff must not only name the individuals and identify the constitutional activity in which he was engaged, he must also describe what retaliatory action each individual took, explain why the action did not advance legitimate penological goals, and describe how his First Amendment rights were actually chilled by the retaliatory action. *Barnett v. Centoni*, 31 F.3d 813, 815–16 (9th Cir.1994) (per curiam) (*citing Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir.1985)); *Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000).

Plaintiff was given ample opportunity to include factual allegations relating to his claim of any campaign of retaliation an amended complaint but he has failed to do so and this claim should be dismissed.

Paragraph 64 – In this paragraph, plaintiff alleges that Defendants Pine, Thompson, and Sanders intentionally delayed outside special orders regarding his medical needs. This allegation is conclusory and vague. Plaintiff was previously advised of the law regarding an Eighth Amendment claim for failure to provide adequate medical care. However, he has failed to allege

SECOND REPORT AND RECOMMENDATION - 8

sufficient facts from which it may be discerned that any of these defendants were deliberately indifferent to any serious medical need.

Paragraph 65 – In this paragraph, plaintiff alleges Defendants Hayes, Tamura, Karlsson, Clark, Bacon, Taylor, Womack, McCain, Murano, R. Trajano, Silva, McWilliams, Vierra, T. Culver, Temi, R.Benham, Joel, Cindy. Bliss, Frary, Rafanan, Gaynor, Elerick, M. Wiliams, Music, Jurado, Mendoza, and Tomlin all interfered with his Kosher diet. These allegations are too vague and conclusory to state a claim against any of the named defendants.

Plaintiff also specifically alleges that in March 2016, Defendant Wheeler provided his meals on Styro trays, which plaintiff claims contaminated his Kosher meals; that on April 22, 2016, Defendant Anderson told him his meal was complete when it wasn't; on May 8, 2016, Elerick took away his hour out claiming that plaintiff had taken an extra meal tray; on May 12, 2016, his sack lunch was missing some ingredients; on June 16, 2016, Defendant Elerick refused to replace an incomplete Kosher meal; on August 1, 2016, Defendant Wheeler orders Tomlin to infract plaintiff for taking an extra meal tray; on August 4, 2016, Defendant McCain conducted a biased hearing and plaintiff's religious meal was cancelled; and on December 26, 2016, the kitchen refused to put frosting on Kosher cakes.

The only plausible allegation made in this paragraph potentially surrounds plaintiff's claim that he was denied a religious meal after a "biased" hearing. However, plaintiff has not provided sufficient facts from which such a claim can be inferred. Plaintiff was previously advised as to the standards relating to a claim of interference with his religion and/or violation of his due process rights but he has again failed to sufficiently plead any violation of his constitutional rights.

SECOND REPORT AND RECOMMENDATION - 9

Paragraph 66 – In this paragraph, plaintiff alleges that Defendants Hayes, Tamura, Karlsson, Bacon, Taylor, Womack, T. Culver, Tammi, R. Benham, Joel, and Cindy are all "directly and indirectly" responsible for "paying off" the health department because the Jail is not in compliance with health department codes. He claims the meals are cold, served in unsanitary conditions, and are nutritionally deficient. Plaintiff was previously advised as to the standards of an Eighth Amendment claim regarding his meals. He has again failed to plead sufficient facts from which it may be concluded that any of the named defendants violated his constitutional rights based on these conclusory allegations.

Paragraph 67 – In this paragraph, plaintiff claims that Defendants Pine, Thompson, and Sanders refuse to address his "special needs diet" and cancelled an outside appointment ordered by a specialist. Plaintiff was previously advised as to the standards of an Eighth Amendment claim regarding his medical care. He has again failed to plead sufficient facts from which it may be concluded that any of the named defendants violated his constitutional rights with regard to this conclusory allegation.

Paragraph 68 – In this paragraph, plaintiff states that Defendants Pine, Thompson, Sanders, and Higgs deliberately disregarded his physical injuries after he was assaulted by Elerick. Plaintiff's claim regarding excessive force used by Elerick was previously discussed above. All allegations relating to that claim should be included in one section of an amended complaint.

Paragraph 69 – In this paragraph, plaintiff states that Defendants Pine, Thompson, Sanders, Thomas, and Stanfill all refuse to address plaintiff's mental health injuries by offering only a select few medications and taking months to respond to service requests. These allegations are vague, conclusory, and are insufficient to state a claim that any of these

defendants were deliberately indifferent to any of plaintiff's mental health needs.

<u>Paragraph 70</u> – In this paragraph, plaintiff states that Defendants Hayes, Tamura, Karlsson, Clark, Bacon, Taylor, Bliss, Frary, Wheeler, Jurado, and M. Williams, collectively, engaged in "malicious harassment."  The only specific allegation included is that on April 2, 2016, Bliss ordered Jurado and M. Williams to "trash" his cell and that Jurado threw away unidentified personal property.  Plaintiff has failed to state sufficient facts from which the Court may concluded that his constitutional rights were violated by any named individual.  Moreover, neither the negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized.  *See Parratt v. Taylor*, 451 U.S. 527, 535–44 (1981) (negligent loss of prisoner's hobby kit), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330–31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property).  The availability of an adequate state post-deprivation remedy, *e.g.* a state tort action, precludes relief because it provides adequate procedural due process.  *King v. Massarweh*, 782 F.2d 825, 826 (9th Cir.1986); *see also Wright v. Riveland*, 219 F.3d 905, 918 (9th Cir.2000) (established prison grievance procedures and Washington state tort law actions are adequate post-deprivation remedies for random and unauthorized deprivations).  Therefore, this claim should be dismissed.

<u>Paragraph 71</u> – In this paragraph, plaintiff alleges that Defendants Hayes, Tamura, Karlsson, Clark, Bacon, Taylor, McCain, Murano, Silva, and R. Trajano have collectively denied him protective custody status.  Plaintiff then lists incidents that he apparently believes give rise to his belief that he should be in protective custody status.  For example, he states that Defendants Elerick and Music offer food to other inmates to beat plaintiff; that no one separated plaintiff from inmate Anderson, who attempted to ambush him; that Defendant Elerick "outed"

him as a rat and rapist; and, on April 9, 2016, inmate Johnson threatened to harm him and "staff" knew but did nothing.

A pretrial detainee can prevail on a failure-to-protect due process claim under § 1983 by demonstrating the following elements: (1) defendant made an intentional decision with respect to the conditions under which the detainee was confined; (2) those conditions put the detainee at substantial risk of suffering serious harm; (3) defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved, making the consequences of defendant's conduct obvious; and (4) by not taking such measures, defendant caused detainee's injuries. *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir.2016). The determination of whether the defendant's conduct is objectively unreasonable will necessarily "turn[ ] on the 'facts and circumstances of each particular case.'" *Kingsley v. Hendrickson*, ___ U.S. ___, 135 S.Ct. 2466, 2473 (2015) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989).

Plaintiff was previously advised of the legal standards regarding a failure-to-protect claim but he has again failed to provide sufficient facts from which the Court may infer that he has alleged a failure-to-protect due process claim as to Defendants Hayes, Tamura, Karlsson, Clark, Bacon, Taylor, McCain, Murano, Silva, or R. Trajano.

Paragraph 72 – In this paragraph, plaintiff alleges that Defendants Hayes, Tamura, Karlsson, Clark, and Womack have provided an inadequate law library. However, plaintiff does not allege how this inadequate law library has caused him harm.

Inmates do not have "an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury by establishing that his prison's law library or legal assistance is subpar in some theoretical sense." *Lewis v. Casey*, 518 U.S. 343, 351 (1996).

SECOND REPORT AND RECOMMENDATION - 12

Inmates do have a fundamental constitutional right of access to the courts. *Id*. at 346; *Phillips v. Hust*, 588 F.3d 652, 655 (9th Cir. 2009). The right of access to the courts is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. *Lewis*, 518 U.S. at 354. While plaintiff has a constitutional right to access the courts, the interferences complained of by plaintiff must have caused him to sustain an actual injury. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Lewis*, 518 U.S. at 351; *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *Phillips*, 588 F.3d at 655; *Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004).

The absence of an injury precludes an access claim, and plaintiff's complaint is devoid of any facts suggesting any injury occurred from the inadequate library facilities.

Paragraph 73 – In this paragraph, plaintiff alleges that Defendants Hayes, Tamura, Karlsson, and Clark are liable because KCCF's civil representative Robin Fox is interfering with plaintiff's criminal prosecution. It is entirely unclear what plaintiff intended to allege in this paragraph. Moreover, this Court does not interfere in a pending criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. See *Younger v. Harris*, 401 U.S. 37, 45, 46 (1971). The *Younger* abstention doctrine requires that a district court dismiss a federal action if state proceedings are (1) ongoing, (2) implicate important state interests, and (3) afford the plaintiff an adequate opportunity to raise the federal issue. *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001) (citation omitted). All of the *Younger* criteria appear to be satisfied here. The proceedings are ongoing, involve a criminal prosecution that implicates important state interests, and there is nothing to indicate that plaintiff cannot raise in his criminal case the same claims he raises here or that there is a danger of great and immediate irreparable harm. Therefore, it appears that this

action would unduly interfere with the state criminal proceeding in a way *Younger* disapproves.

## CONCLUSION

Where a pro se litigant's complaint fails to state a claim upon which relief can be granted, the Court generally grants him the opportunity to amend the complaint. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). However, the Court may deny leave to amend if "it is absolutely clear that no amendment can cure the defect." *Id*. Here, plaintiff was given ample opportunity to include factual allegations relating to his claims in an amended complaint but he failed to do so until after the undersigned recommended dismissal of his complaint. Having reviewed plaintiff's amended complaint, the undersigned recommends that all claims set forth therein be **denied except** as to plaintiff's claims that he was subjected to excessive force on three separate occasions (in August and September of 2014 and August of 2016) by Defendants Gorman, McKindrey, Bliss, and Elerick. It is recommended that the amended complaint be served on these defendants only and that these defendants be directed to answer the excessive force claims only.

A proposed order accompanies this Report and Recommendation. Any objections to this Recommendation must be filed by **Tuesday, April 11, 2017.** The Clerk should note the matter for **Thursday, April 13, 2017**, as ready for the District Judge's consideration if no objection is filed. If plaintiff files an objection, he must note the matter for the Court's consideration 14 days from the date the objection is filed and served. Objections shall not exceed seven (7) pages. The failure to timely object may affect the right to appeal.

DATED this 24th day March, 2017.

BRIAN A. TSUCHIDA
United States Magistrate Judge

SECOND REPORT AND RECOMMENDATION - 14