UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEITH ADAIR DAVIS,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM HAYES, et al.,<br><br>Defendants. | CASE NO. C16-1709-RSM-BAT<br><br>**ORDER DENYING MOTIONS FOR DISCOVERY AND DIRECTING PARTIES TO CONFER AS REQUIRED BY RULE 37** |

Keith Adair Davis moves the Court for an order compelling defendants to produce documents in response to his written requests. Dkts. 55, 61. Defendants oppose the motions arguing Mr. Davis has not complied Fed. R. Civ. P. 37(a), which requires the parties to meet and confer before a discovery motion is filed. Additionally, Mr. Davis seeks additional time for discovery. Dkt. 60. Having considered the pleadings and for the reasons discussed below, the Court **DENIES** plaintiff's discovery motions, Dkts. 55, 61 and **ORDERS** the parties to meet and confer.

Before filing a motion to compel discovery, Mr. Davis must make a good faith effort to meet and confer with the allegedly offending party in an effort to resolve any dispute. *See* Local Rules W.D. Wash. LCR 37(a)(1); Fed. R. Civ. P. 37(a)(1). These rules help ensure that parties have an inexpensive and expeditious opportunity to resolve discovery disputes and that only

genuine disagreements are brought before the Court. Here there is nothing showing the parties have met and conferred, or even made an attempt to do so. LCR 37(a)(1) provides that a "good faith effort" to confer with a party requires a face-to-face meeting or a telephone.

Because Mr. Davis proceeds *pro se*, the Court notes the following. The scope of discovery is limited to what is relevant to the case. Mr. Davis' original complaint names 47 defendants and several claims. The Court dismissed, Dkt. 30, all claims except for the excessive force claims alleged in paragraph 60 of the amended complaint against (1) Defendant Gorman for acts in August 2014; (2) Defendants McKindrey and Bliss in September 2014; and (3) Defendant Elerick in August 2016. Dkt. 20 at 11. Mr. Davis claims Gorman struck and damaged his ear. *Id*. at 12. Mr. Davis also alleges McKindrey and Bliss attacked him in his cell, where McKindrey "landed on top of [Mr. Davis] with his full weight," causing him intense pain. *Id*. at 13. Mr. Davis further alleges that Elerick injured Mr. Davis' right hand, thumb, small finger, and forearm by smashing it against a metal tray. *Id*.

Because the other claims and defendants were dismissed, this case involves a claim of excessive use of force only against the four defendants named above and which occurred in August and September 2014, and August 2016. *Id*. Accordingly, discovery should focus on the excessive force claim against the four defendants.

For these reasons, the Court **ORDERS**:

1)   The discovery motions, Dkts. 55, 61 are DENIED without prejudice.

2)   The parties shall meet and confer as required by Rule 37, no later than November 24, 2017, and shall file a joint statement regarding whether the discovery dispute has been resolved by November 28, 2017.

3)   If the discovery dispute has not been resolved, the joint statement shall set forth

with specificity exactly what matters are in dispute. If the discovery dispute is not resolved, Mr. Davis shall also file a motion for discovery limited to what matters are specifically in dispute by December 4, 2017, and explaining why discovery should be granted. Defendants may respond as allowed under the local rules. The Clerk shall note Mr. Davis' discovery motion for December 15, 2017.

4) If the discovery dispute has not been resolved, and briefing is required, as noted above, the Court will extend the date by which discovery must be completed.

5) The clerk shall provide the parties with a copy of this order.

DATED this 9th day of November, 2017.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER DENYING MOTIONS FOR
DISCOVERY AND DIRECTING PARTIES
TO CONFER AS REQUIRED BY RULE 37 - 3