IUNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEITH ADAIR DAVIS,<br><br>                Plaintiff,<br><br>    v.<br><br>WILLIAM HAYES, et. al.,<br><br>                Defendants. | CASE NO. C16-1709 RSM-BAT<br><br>**REPORT AND RECOMMENDATION DENYING PLAINTIFF'S MOTION FOR TRO** |

Keith Adair Davis, a state prisoner, filed a *pro se* § 1983 civil rights action. On November 21, 2017, Mr. Davis filed a motion for "Order to Show Cause and Temporary Restraining Order" in which he requests the Court direct defendants to provide him access to the Federal Rules, Local Federal Rules and Rules of Evidence. Dkt. 68. The Court has considered the motion, defendants' opposition, and the record and recommends plaintiff's motion for a Temporary Restraining Order (TRO) be denied.

**BACKGROUND**

Mr. Davis claims that while he was incarcerated at the King County Correctional Facility (KCCF), staff there used excessive force against him. Dkt. 20 at 11-13. Forty-seven defendants were named and the Court dismissed all defendants except for defendants Gorman, McKindrey, Bliss, and Elerick for allegedly using excessive force against Mr. Davis in August and September

REPORT AND RECOMMENDATION
DENYING PLAINTIFF'S MOTION FOR
TRO - 1

2014, and August 2016. *See* Dkt. 30. Mr. Davis is no longer an inmate at KCCF and is currently incarcerated at the Airway Heights Corrections Center, a prison operated by the Washington State Department of Corrections. Dkt. 41.

## DISCUSSION

Mr. Davis' request for a TRO directing defendants to provide him with legal materials should be denied for two reasons. First, to the extent Mr. Davis requests defendants to provide him with copies of the federal rules, the request fails. As defendants point out, Mr. Davis is a prisoner at Airway Heights Correctional Facility and defendants have no authority to order the Washington State Department of Corrections (DOC) to provide Mr. Davis with legal materials. Dkt. 71. Furthermore, defendants have no independent duty to assist Mr. Davis in preparing his case and thus no obligation to send him copies of the federal rules that he requests.

Second, to the extent Mr. Davis seeks to bring a separate action against the DOC compelling the DOC to provide the requested federal rules, he should do so by filing a separate complaint and request for TRO. At present, the DOC is not a party to this case. The Court lacks jurisdiction to issue an injunction directed at a non-party. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969) (concluding it was error to enter an injunction against a non-party).

If Mr. Davis desires to bring a separate action against the DOC, he should note there is no freestanding constitutional right to law library access for prisoners. *See Lewis v. Casey*, 518 U.S. 343, 350–51 (1996). Instead, law library access serves as one means of ensuring the constitutional right of access to the courts. *See id*. at 351. Prison officials may regulate the time, manner, and place in which library facilities are used. *Lindquist v. Idaho State Bd. of Corrections*, 776 F.2d 851, 858 (9th Cir. 1985). A prisoner claiming his or her right of access to

the courts has been violated due to inadequate access to the library or to legal materials must show (1) access was so limited as to be unreasonable, and (2) the inadequate access caused actual injury. *Vandelft v. Moses*, 31 F.3d 794, 797 (9th Cir. 1994). A prisoner cannot make conclusory declarations of injury; that is, it is not enough for an inmate to show a denial of access and nothing more.

Accordingly, for the reasons above, the Court recommends Mr. Davis' motion for a TRO be denied. A proposed order accompanies this Report and Recommendation. Objections, if any, to this Report and Recommendation must be filed and served no later than **December 18, 2017**. If no objections are filed, the matter will be ready for the Court's consideration on **December 22, 2017.** Objections shall not exceed five (5) pages. The failure to timely object may affect the right to appeal. The Clerk shall send a copy of this Order to Mr. Romero's last known address.

DATED this 4th day of December, 2017.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge