# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

KEITH ADAIR DAVIS,

        Plaintiff,

v.

WILLIAM HAYES, et. al.,

        Defendants.

CASE NO. 2:16-cv-1709 RSM-BAT

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL**

Keith Adair Davis is a state prisoner proceeding *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 civil rights action. Mr. Davis moves the Court for an order compelling defendants to produce documents in response to his written requests. Dkt. 76. Defendants argue that the motion is not timely and attest that they have produced all responsive documents. Dkts. 77 and 78 (Declaration of Nicole Walters). The motion to compel shall be **DENIED**.

## BACKGROUND

Mr. Davis alleges three incidents of excessive use of force by four guards employed by the King County Correctional Facility (KCCF), where Mr. Davis was previously held. These incidents allegedly occurred: (1) on August 2014, when Defendant Gorman struck plaintiff and injured his ear; (2) on September 2014, when Defendants McKindrey and Bliss attacked plaintiff in his cell; and (3) on August 2, 2016, when Defendant Elerick smashed plaintiff with a metal tray and injured his hand, fingers, and forearm. Dkt. 20 at 11-13. Mr. Davis' original complaint names 47 defendants and asserted numerous claims, but the Court dismissed all but the excessive

ORDER DENYING PLAINTIFF'S MOTION
TO COMPEL - 1

force claims against the four KCCF guards. Dkt. 30. Thus, discovery is limited to the incidents alleged to have occurred in August and September 2014, and August 2016.

This is plaintiff's third motion to compel discovery. Dkt. 76. On November 9, 2017, the Court denied two motions to compel (Dkts. 55 and 61) and a motion to extend the discovery deadline (Dkt. 60). Dkt. 65. The Court directed the parties to meet and confer as required by Fed. R. Civ. P. 37 no later than November 24, 2017 and to file a joint statement regarding the status of their discovery dispute by November 28, 2017. If the dispute was not resolved, plaintiff was directed to file a motion limited to matters specifically in dispute by December 4, 2017. Dkt. 65. If a motion for discovery was filed by the deadline, the motion was to be noted for December 15, 2017 and the Court would determine if an extension of the discovery deadline (which expired on November 21, 2017) was necessary. Dkt. 65 at 3.

On November 27, 2017, defendants submitted a Joint Status Report, which was signed by Mr. Davis. Dkt. 72. The parties confirmed that they conferred by telephone on November 21, 2017 and at that time, Mr. Davis asked for (1) his medical records from 2013 to the present; (2) disciplinary history of Gorman, McKindrey, Bliss, and Elerick; (3) DAJD's use of force policy 4.03.014; and (4) all of his grievances (with responses). Dkt. 72 at 1-2. The Joint Status Report also confirmed that defendants previously produced documents to Mr. Davis on September 27, 2017 (in response to Request Nos. 2 and 5 of his first set of requests for production, including copies of all his grievances and responses) and that on November 27, 2017, defendants sent to plaintiff, his medical records, the use of force policy, and defendants' disciplinary records. *Id.*

**DISCUSSION**

Pursuant to the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense—including

the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 12(b)(1). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id.*

Mr. Davis filed this motion to compel on December 6, 2017, two days after his deadline for doing so had expired.[1] Mr. Davis acknowledges that he received approximately 2500 pages of documents on December 1, 2017, but fails to explain why the documents are not responsive to his requests. Instead, he complains generally that the "majority" of the production is "redundant, unnecessary; and [has] nothing to do with the request he has submitted." Dkt. 76.

Mr. Davis' only specific complaint appears to involve defendants "disregard" of his "first request for production 5, 6, and 8, again stating privilege." *Id.* at 3. King County Defendants attest that in fact, no documents were withheld from production:

- Request No. 5 – Defendants objected to producing private information from personnel files but notwithstanding the objection, defendants produced grievances, plaintiff's complete classification record, and all Use of Force History and claims against defendants. Dkt. 78 at 2.

- Request No. 6 – Defendants objected to producing classification policies containing confidential information relating to jail security but notwithstanding that objection, defendants produced Inmate Handbooks, the DAJD policy index so plaintiff could identify the policies he wanted, and the Use of Force Policy 4.03.014 specifically requested by plaintiff during the 11/21/17 discovery conference. The privilege exerted relates only to redactions to the policy per DAJD security protocol. Dkt. 78 at 2-3.

- Request No. 8 – Defendants objected to producing any Internal Investigations Unit ("IIU") files but notwithstanding that objection, defendants also stated they would supplement this response with a privilege log if an IIU file existed. On November 27, 2017, defendants supplemented this response, stating that all Supervisors Incident Reports regarding the use of force on plaintiff had

---

[1] On December 5, 2017, two weeks after the discovery deadline expired, Mr. Davis filed a declaration of service stating he sent "Plaintiff's Second Request for Production of Documents and to Meet and Confer" to defendants. Dkt. 75. The substance and timeliness of this second request is not before the Court.

ORDER DENYING PLAINTIFF'S MOTION
TO COMPEL - 3

been provided in their original response to Request No. 2 and that no other responsive records exist. Dkt. 78 at 3.

The Court is mindful that Mr. Davis did not receive defendants' supplemental production of 2500 pages until December 1, 2017, which occurred after the parties filed their Joint Status Report (with no indication of any remaining discovery dispute). Thus, Mr. Davis may have had some difficulty complying with the Court's December 4, 2017 deadline for filing a motion to compel. It does not appear however, that Mr. Davis conferred, or attempted to confer, with defendants' counsel before he filed this motion to compel. *See* Local Rules W.D. Wash LCR 37(a)(1) and Fed. R. Civ. P. 37(a)(1). Instead, Mr. Davis used the time to prepare and send to Defendants yet another request for production. More importantly for purposes of the instant motion, Mr. Davis fails to demonstrate why the documents that have been produced by defendants to date are either incomplete or not responsive to his requests.

Accordingly, it is **ORDERED** that:

1. Mr. Davis' motion to compel (Dkt. 76) is **DENIED**.

2. The Clerk shall send a copy of this order to Mr. Davis and counsel for defendants.

**DATED** this 27th day of December, 2017.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge