UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEITH ADAIR DAVIS,

               Plaintiff,

      v.

WILLIAM HAYES, et al.,

               Defendants.

CASE NO. C16-1709 RSM-BAT

ORDER TO SHOW CAUSE RE: REOPENING TIME TO FILE AN APPEAL

This matter comes before the Court on the July 18, 2018, Order of the Ninth Circuit Court of Appeals remanding this case for "fact-finding as to when appellant received notice of the final judgment to satisfy Federal Rule of Civil Procedure 77(d), to determine whether appellant's notice of appeal together with his June 18, 2018 response to this court's order to show cause can be construed collectively as a timely motion to reopen the time to appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6), and, if so, to rule on such motion." Dkt. #132 at 2.

Mr. Davis' May 21, 2018, notice of appeal was not filed or delivered to prison officials within 30 days after entry of the April 12, 2018, judgment. *Id.* at 1. The Ninth Circuit issued an Order to Show Cause, and Mr. Davis responded that he was transferred to a different facility on April 12, 2018, the day judgment was entered, and once more after that. *Id.* He further stated that

ORDER TO SHOW CAUSE RE: REOPENING TIME TO FILE
AN APPEAL - 1

he did not find out that his case was closed until May 15, 2018, and that he has still not seen the order dismissing his case. *Id*. Defendant-Appellees also filed a response, stating that they "do not have access to documents that might shed light on the veracity of [Mr. Davis'] claim." Ninth Circuit Case No. No. 18-35433, Dkt. #4.

Mr. Davis' statements to the Ninth Circuit are not supported by this Court's records. The Court did not receive a notice of change of address on April 12, 2018, but did receive one on May 15, 2018, indicating that "the Plaintiff was transferred to a different DOC Facility on 5/11/18." Dkt. #129. Mr. Davis has previously filed several such notices and would be expected to have filed one on April 12, 2018, or shortly thereafter if he had indeed been transferred on that date. Parties "must file a notice with the court of any change in address," and such notice "must be received by the Clerk's Office within ten days of the change." LCR 10(f). Furthermore, the Court never received notice that its April 12, 2018, Order dismissing this case and judgment were returned as undeliverable, although the Court has received such notice previously when mail was sent after Mr. Davis had been transferred to a new correctional facility. *See* Dkts. #32 and #79. Absent such records, the Court would typically assume that Mr. Davis received notice of the final judgment to satisfy Federal Rule of Civil Procedure 77(d).

Mr. Davis states that he "was strategically transferred by the DOC Officials… to deliberately obstruct this appeal." Ninth Circuit Case No. No. 18-35433, Dkt. #3 at 1. Defendant-Appellees offer nothing to rebut this assertion.

Given all of the above, the Court ORDERS both parties to show cause why this Court should not construe Mr. Davis' filings as a timely motion to reopen the time to appeal and why such a motion should not be granted. In their responses, each of the parties shall provide a) an explanation for Mr. Davis' apparent failure to notify the Court within 10 days of his April 12,

2018, transfer, and b) an explanation for why the Court did not receive notice that the mail was undeliverable. These Responses are limited to **6 pages** and due no later than **twenty-one (21) days from the date of this Order.** If Defendant-Appellees are unable to obtain documents or other evidence that may shed light on this situation, the Court will base its ruling solely on the record before it and the response of Mr. Davis to this Order.

Dated this 20 day of July, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER TO SHOW CAUSE RE: REOPENING TIME TO FILE AN APPEAL - 1